UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SORDS CARD EMPORIUM LLC, a
California Limited Liability Company,

            Plaintiff,                    Case No.

v.                                      Hon.

HOUSE OF HITS SPORTS CARDS, LLC,
a Michigan Limited Liability Company, and
MIKE KARJO, an individual,

            Defendants.

---

ALOIA LAW
Nina M. Paolini-Lotarski (P81060)
*Attorneys for Plaintiff*
48 South Main Street, Ste 3
Mount Clemens, Michigan 48043
586-783-3300
lotarski@aloia.law

WADE FINK LAW, P.C.
Wade G. Fink (P78751)
*Attorneys for Defendants*
1900 West Big Beaver Road, Ste 203
Troy, Michigan 48084
248-712-1054
wade@wadefinklaw.com

---

**NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN**

TO:   CLERK OF THE COURT
       JUDGES OF THE COURT

Defendants House of Hits Sports Cards, LLC and Michael Karjo

("Defendants'), by and through counsel, WADE FINK LAW, P.C., pursuant to 28

U.S.C. §1332, 1441 and 1446, files this Notice of Removal and states and follows:

1. On September 5, 2025, a lawsuit was filed by Plaintiff Sords Card Emporium LLC ("Plaintiff") against Defendants in the Oakland County Circuit Court in the State of Michigan. It was assigned the Case Number 2025-217388-CB. Plaintiff's Complaint in this matter is attached as **Exhibit A** and the case shall be known as the "State Court Action."

2. Plaintiff's Complaint was the initial pleading filed in the State Court Action and set forth claims of breach of contract, promissory estoppel, fraudulent inducement, unjust enrichment, conversion, fraud, and claim and delivery.

3. Plaintiff's Complaint, along with the attendant civil summons, were served on Defendants by personal service on September 19, 2025. *See* Ex. A. The proof of service filed in the state court is attached as **Exhibit B.**

4. Any civil action in state court where there is complete diversity of citizenship of the parties and more than $75,000.00 in controversy vests the federal district courts with jurisdiction under 28 U.S.C. §1332 and is removable.

5. In this case, the requirements of 28 U.S.C. §1332 are met, and the procedures of 28 U.S.C. §1446 have been followed, such that the State Court Action is being properly being removed from the Michigan state court to this Court.

6. More specifically:

a) Plaintiff is a California limited liability company with its principal place of business in San Francisco, California. For purposes of diversity jurisdiction, Plaintiff was a citizen of the State of California at the time of the filing of the complaint and at the time of the filing of this notice of removal.

b) Defendant House of Hits Sports Cards LLC is a Michigan limited liability company with its principal place of business in Michigan. For purposes of diversity jurisdiction, Defendant House of Hits Sports Cards LLC was a citizen of the State of Michigan at the time of the filing of the complaint and at the time of the filing of this notice of removal.

c) Defendant Mike Karjo is now and at the commencement of this action, a citizen and resident of the State of Michigan, with his residential address in the City of Rochester, State of Michigan.

d) The amount of controversy exceeds $75,000.00, exclusive of interests and costs. *See* Ex. A, Plaintiff's Complaint at ¶¶24, 26, 27, 28, 38, 46, 54-62, 70, 71-78.

7. For these reasons, the State Court Action is one which may be removed pursuant to 28 U.S.C. §1332 as an action between citizens of different states, with

complete diversity of citizenship and an amount in controversy exceeding $75,000.00.

8. The territorial jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division, embraces the State of Michigan, County of Oakland.

9. Under 28 U.S.C. §1446(b), this Notice of Removal is timely, having been filed with this Court within thirty (30) days after receipt by Defendants of Plaintiff's Complaint, the initial pleading setting forth the claim for relief upon which such action or proceedings is based.

10. True and correct copies of this Notice of Removal with accompanying Exhibits and a separate Notice of Filing of Notice of Removal will be served upon Plaintiff's counsel and filed with the Clerk of the Oakland County Circuit Court in accordance with 28 U.S.C. §1446(d).

11. In filing this Notice of Removal, Defendant does not waive any defense available in this action.

12. Defendants have filed no pleadings in the Oakland County Circuit Court. An appearance was filed by Defendants' counsel "for the purpose of filing a stipulated order to extend time to file a responsive pleading or take other lawful action." **Exhibit C.** The same appearance provided that the appearance the stipulation filed to extend time for a responsive pleading or other lawful action

"should not be viewed as a substantial defensive action manifesting an intent to litigate the merits in state court or otherwise waive or forfeit any other rights to challenge jurisdiction, venue, or other matters." *Id.*

Date: October 16, 2025                    Respectfully submitted:

WADE FINK LAW, P.C.

*/s/ Wade G. Fink*
Wade G. Fink (P78751)
*Attorneys for Defendants*
1900 W. Big Beaver Road, Suite 203
Troy, Michigan 48084
248-712-1054
wade@wadefinklaw.com

## PROOF OF SERVICE

The undersigned certifies to the best of his knowledge and belief that a copy of the foregoing document and all of its exhibits were filed using the electronic filing system of this Court on October 16, 2025. A copy of the foregoing document and all of its exhibits will be served upon Plaintiff' Counsel at the address in the case caption using first class mail, and a courtesy copy will be sent to Plaintiff's Counsel's email in the case caption.

*/s/ Wade G. Fink*

# EXHIBIT A

Case 2:25-cv-13269-MFL-CI ECF No. 1-1, PageID.7 Filed 10/17/25 Page 7 of 27

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

STATE OF MICHIGAN
IN THE SIXTH CIRCUIT COURT FOR THE COUNTY OF OAKLAND
BUSINESS DIVISION

SORDS CARD EMPORIUM LLC,
a foreign limited liability company

        Plaintiff,

v.

HOUSE OF HITS SPORTS CARDS, LLC,
(d/b/a HOUSE OF HITS DETROIT) a Michigan
limited liability company, and MIKE KARJO,
also known as MIKE CARJO, an individual,
jointly and severally,

        Defendants.

2025-217388-CB

JUDGE VICTORIA VALENTINE

Case No. 25-       -CB
HON.:

| | |
|---|---|
| ALOIA LAW<br>By:  Nina M. Paolini-Lotarski (P81060)<br>*Attorney for Plaintiff*<br>48 South Main Street, Suite 3<br>Mount Clemens, Michigan 48043<br>586-783-3300<br>lotarski@aloia.law | |

## **COMPLAINT**

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT PENDING IN THIS COURT, NOR HAS ANY SUCH ACTION BEEN ASSIGNED TO A JUDGE, NOR DO I KNOW OF ANY OTHER CIVIL ACTION BETWEEN THESE PARTIES, ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT THAT IS EITHER PENDING OR WAS PREVIOUSLY FILED AND DISMISSED, TRANSFERRED OR OTHERWISE DISPOSED OF AFTER HAVING BEEN ASSIGNED TO A JUDGE IN THIS COURT.

THIS CASE INVOLVES A BUSINESS OR COMMERCIAL DISPUTE AS DEFINED IN MCL § 600.8031 AND MEETS THE STATUTORY REQUIREMENTS TO BE ASSIGNED TO THE BUSINESS COURT.

        /s/ Nina M. Lotarski
        Nina M. Paolini-Lotarski (P81060)

        NOW COMES, Plaintiff SORDS CARD EMPORIUM LLC (herein "**Plaintiff**"), by and

through its attorneys, Aloia Law, and for its Complaint against Defendants HOUSE OF HITS

FILED   Received for Filing   Oakland County Clerk   9/5/2025 1:15 PM

SPORTS CARDS LLC (doing business as HOUSE OF HITS DETROIT), a Michigan limited liability company and MIKE KARJO (also known as "MIKE CARJO"), an individual, jointly and severally, Plaintiff states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is a limited liability company with a registered address in San Francisco, California.

2.      Upon information and belief, Defendant HOUSE OF HITS SPORTS CARDS LLC (doing business as HOUSE OF HITS DETROIT) is a Michigan limited liability company, with a registered office located in Shelby Township, Macomb County, Michigan (herein "**HOH**"). According to the Michigan Department of Licensing and Regulatory Affairs ("LARA"), HOH is technically "active" but currently "not in good standing."

3.      Upon information and belief, Defendant MIKE KARJO (also known as "MIKE CARJO") currently resides in Rochester Hills, Oakland County, Michigan (herein "**Karjo**").

4.      From time to time, Defendants HOH and Karjo shall collectively be referred to as (the "**Defendants**").

5.      The Venue is proper under MCL 600.1621(a) because Karjo currently resides in the County of Oakland, State of Michigan.

6.      That the amount in controversy at issue exceeds Twenty-Five Thousand Dollars ($25,000.00) and that this matter is otherwise within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

7.      Plaintiff initiated operations in February 2021 as an online sports and trading card wholesale distributor.

8.      In 2025, Plaintiff decided to sell the business, including the name and inventory.

9.     One of Plaintiff's regular customers/vendors, Yazan Duqmaq ("**Yazan**") expressed interest in buying Plaintiff's business upon finding a willing and able business partner.

10.    In April 2025, Plaintiff was introduced to Karjo through Yazan, who as partners, offered to buy Plaintiff's business for a total buyout of $375,000.00, plus reimbursement for merchandise purchased and shipping/handling.

11.    Through texts, emails, and verbal communications, Karjo, Yazan, and Plaintiff agreed to the $375,000.00 buyout, whereby Plaintiff would send Yazan and Karjo the merchandise (*i.e.* sports and trading cards), who in exchange would (a) reimburse Plaintiff for the costs of the merchandise, (b) reimburse Plaintiff for shipping and handling for the delivery of the merchandise, and (c) 50% of the profits received from the sale of the merchandise.

12.    All reimbursement costs and estimated profits were to be paid within a week of receiving shipment of the merchandise.

13.    Once Plaintiff received $275,000.00 from the 50% profits[1] payout, Karjo and Yazan would make a lump sum payment in the amount of $100,000.00.

14.    The profits allotted to Plaintiff would be applied to the $375,000.00 buyout.

15.    In the event Karjo and/or Yazan defaulted on this agreement, Plaintiff would be entitled to recover 100% of the profits.

16.    The parties agreed to have lawyers document the business arrangement, but they would initiate operations in the meantime.

---

[1] Anticipated *profits* were determined by standard fair market standard prices for the merchandise on recognized markets including Dealernetx (B2B Marketplace).

17.     In good faith reliance of Plaintiff's business relationship and prior business dealings with Yazan, along with Karjo's supposed operations of HOH, Plaintiff delivered the merchandise to Yazan and Karjo.

18.     Per the parties' arrangement, all football trading cards would be delivered to Yazan and other sports or trading cards (*i.e.* Pokémon cards) would be delivered to Karjo and Karjo's company, Defendant-HOH.

19.     Plaintiff fulfilled his obligations by delivering the merchandise, as agreed, to Yazan and the Defendants, respectively.

20.     Despite Plaintiff's timely delivery of quality merchandise, Defendants continually delayed payment to Plaintiff raising a myriad of excuses, including supposed "issues" with his accounting company.

21.     In total, Plaintiff expected Defendants' payment in the amount of **$471,870.63**, which included the 8 shipments of merchandise valued at **$435,228.75,** plus the anticipated 50% of the profits in the amount of **$36,641.88**.

22.     For Kajor's default of the original profit-sharing payment arrangement, Plaintiff is also entitled to the remaining 50% of the profits ($36,641.87) for a total anticipated repayment in the amount of **$510,159.01** due and owing Plaintiff.

23.     To date, Plaintiff has only received **$256,897.13** toward these invoices for merchandise sold and delivered to Defendants.

24.     As of the date of filing this Complaint, Defendants owe Plaintiff **$253,261.88**, which includes **$216,620.00** for the actual costs of merchandise sold and delivered to Defendants, plus **$36,641.09** for the additional 50% profit payout due after default.

25.     When Plaintiff stopped sending merchandise to Defendants for non-payment of the invoices, Defendants (without Yazan) made a new offer to buy Plaintiff's business outright.

26.     As part of the business sale, Plaintiff demanded repayment for the unpaid invoices for the merchandise delivered to Defendants, totaling **$253,261.88**.

27.     With their attorneys, Plaintiff and Defendants negotiated a Memorandum of Understanding but were unable to agree to terms for the sale of the business or the repayment for unpaid invoices for the merchandise delivered to Defendants, totaling **$253,261.88**.

28.     As a result of Defendants' failure to pay this $253,261.88, Plaintiff incurred unnecessary debt as the original merchandise was purchased on credit and then delivered to Defendants for sale under the parties' profit-sharing buyout arrangement.

29.     Despite numerous attempts to resolve these disputes, Defendants refuse to pay Plaintiff or otherwise return the delivered unpaid merchandise.

30.     As a result, Plaintiff has incurred the loss of the merchandise, lost profit, lost expected profit, and interest, fees, and costs as a direct and proximate result of Defendants' failure to pay.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT
### AGAINST KARJO

31.     Plaintiff hereby incorporates by reference the preceding paragraphs as if fully restated.

32.     Karjo contracted with Plaintiff to buy Plaintiff's business, name, and merchandise through a profit-sharing payment arrangement, as detailed above.

5

33.      In total, Karjo agreed to purchase Plaintiff's business for $375,000.00, plus reimbursement for the costs of the merchandise, shipping, handling, and re-shipping.

34.      Plaintiff delivered merchandise to Defendants and otherwise performed all its contractual duties under the agreement with Karjo.

35.      Despite receipt of the merchandise, Defendants failed to fully pay all the outstanding costs of the merchandise, costs of shipping the merchandise, or Plaintiff's share of the profits for merchandise resold.

36.      As a result, Karjo is in default of the parties' agreement.

37.      Despite demand, Karjo has refused and/or failed to cure this default.

38.      That as a direct and proximate result of Karjo's breach of contract, Plaintiff has suffered actual damages exceeding $253,261.88, plus interest, penalties, and costs incurred from the present action.

WHEREFORE, Plaintiff requests that this Court enter a judgment in Plaintiff's favor and against Defendant MIKE KARJO (a/k/a MIKE CARJO) for monetary damages exceeding $25,000.00, including but not limited to actual damages, expectant damages, interest, costs, and any other damages recoverable under Michigan law. Plaintiff further requests that this Court grant any other relief that it deems just and appropriate.

### COUNT II
### PROMISSORY ESTOPPEL
### FRAUDULENT INDUCEMENT INTO CONTRACT
### AGAINST KARJO

39.      Plaintiff hereby incorporates by reference the preceding paragraphs as if fully restated.

40.      Karjo contracted with Plaintiff to buy Plaintiff's business, name, and merchandise through a profit-sharing payment arrangement, as detailed above.

41.     In total, Karjo agreed to purchase Plaintiff's business for $375,000.00, plus reimbursement for the costs of the merchandise, shipping, handling, and re-shipping.

42.     Plaintiff reasonably relied on Karjo's clear and definite representations that he was willing and able to purchase Plaintiff's business through a profit-sharing payment arrangement, detailed above, and would be able to sell the merchandise through his company, HOH.

43.     Plaintiff further reasonably relied on Karjo' representations and his relationship with Yazan (Karjo's then-business partner) in agreeing to purchase Plaintiff's business through a profit-sharing payment arrangement.

44.     Karjo did or should have reasonably expected that these representations would induce Plaintiff to sell the business and deliver the merchandise prior to the execution of the written contract.

45.     Defendant's true intentions to defraud Plaintiff were revealed *after* Plaintiff purchased the merchandise on credit and delivered the same to Defendants.

46.     As a direct and proximate result of Karjo's fraudulent misrepresentations inducing Plaintiff to deliver the unpaid merchandise, as further detailed herein, Plaintiff has suffered actual damages exceeding $253,261.88, plus interest, penalties, and costs incurred from the present action.

WHEREFORE, Plaintiff requests that this Court enter a judgment in Plaintiff's favor and against Defendant MIKE KARJO (a/k/a MIKE CARJO) for monetary damages exceeding $25,000.00, including but not limited to actual damages, expectant damages, interest, costs, reasonable attorneys' fees, and any other damages recoverable under Michigan law. Plaintiff further requests that this Court grant any other relief that it deems just and appropriate.

### COUNT III
### UNJUST ENRICHMENT
### AGAINST DEFENDANTS JOINTLY AND SEVERALLY

47.     Plaintiff hereby incorporates by reference the preceding paragraphs as if fully restated.

48.     Karjo engaged with Plaintiff to buy Plaintiff's business, name, and merchandise for the total payout of $375,000.00, plus reimbursement for the costs of the merchandise, along with shipping, handling, and re-shipping.

49.     Karjo and Plaintiff agreed to purchase of Plaintiff's business, name, and inventory through a profit-sharing payment arrangement, detailed above.

50.     Plaintiff delivered merchandise to Defendants and otherwise performed all its contractual duties under the agreement with Karjo.

51.     Despite receipt of the merchandise, Defendants failed to fully pay all the outstanding costs of the merchandise, costs of shipping the merchandise, or Plaintiff's share of the profits for merchandise resold.

52.     Defendants have unlawfully retained the merchandise and Plaintiff's share of the profits for their own benefit.

53.     That as the direct and proximate result of the Defendants' failures detailed herein, Defendants have been unjustly enriched.

WHEREFORE, Plaintiff requests that this Court enter a judgment in Plaintiff's favor and against Defendants HOUSE OF HITS SPORTS CARDS, LLC (d/b/a HOUSE OF HITS DETROIT) and MIKE KARJO (a/k/a MIKE CARJO), jointly and severally, for monetary damages exceeding $25,000.00, including but not limited to actual damages, expectant damages,

interest, costs, and any other damages recoverable under Michigan law. Plaintiff further requests that this Court grant any other relief that it deems just and appropriate.

## COUNT IV
## STATUTORY & COMMON LAW CONVERSION
## AGAINST DEFENDANTS JOINTLY AND SEVERALLY

54.     Plaintiff hereby incorporates by reference the preceding paragraphs as if fully restated.

55.     Karjo contracted with Plaintiff to buy Plaintiff's business, name, and merchandise through a profit-sharing payment arrangement, as detailed above.

56.     In total, Karjo agreed to purchase Plaintiff's business for $375,000.00, plus reimbursement for the costs of the merchandise, shipping, handling, and re-shipping.

57.     Plaintiff delivered merchandise to Defendants and otherwise performed all its contractual duties under the agreement with Karjo.

58.     Despite receipt of the merchandise, Defendants failed to fully pay all the outstanding costs of the merchandise, costs of shipping the merchandise, or Plaintiff's share of the profits for merchandise resold.

59.     Defendants have unlawfully retained the merchandise and Plaintiff's share of the profits for their own benefit.

60.     The merchandise and Plaintiff's share of the profits have been converted and concealed for Defendant's benefit. MCL 600.2919a(1)(a).

61.     That in violation of MCL 600.2919a, Defendants wrongfully and intentionally dispossessed Plaintiff of the merchandise and its share of the profits.

62.     As a result, Plaintiff has been injured by this conversion and is entitled to recovery of his actual damages ($253,261.88), plus treble damages ($759,785.64), attorneys' fees, and costs incurred in the present action. See MCL 600.2919a(1).

WHEREFORE, Plaintiff requests that this Court enter a judgment in Plaintiff's favor and against Defendants HOUSE OF HITS SPORTS CARDS, LLC (d/b/a HOUSE OF HITS DETROIT) and MIKE KARJO (a/k/a MIKE CARJO), jointly and severally, for monetary damages exceeding $25,000.00, including but not limited to actual damages, treble damages (MCL 600.2919a), interest, costs, reasonable attorneys' fees, and any other damages recoverable under Michigan law. Plaintiff further requests that this Court grant any other relief that it deems just and appropriate.

**COUNT V**
**SILENT FRAUD**
**AGAINST DEFENDANTS JOINTLY AND SEVERALLY**

63.     Plaintiff hereby incorporates by reference the preceding paragraphs as if fully restated.

64.     Karjo contracted with Plaintiff to buy Plaintiff's business, name, and merchandise through a profit-sharing payment arrangement, as detailed above.

65.     In total, Karjo agreed to purchase Plaintiff's business for $375,000.00, plus reimbursement for the costs of the merchandise, shipping, handling, and re-shipping.

66.     Plaintiff reasonably relied on Karjo's clear and definite representations that he was willing and able to purchase Plaintiff's business through a profit-sharing payment arrangement, detailed above, and would be able to sell the merchandise through his company, HOH.

67. Plaintiff further reasonably relied on Karjo' representations and his relationship with Yazan (Karjo's then-business partner) in agreeing to purchase Plaintiff's business through a profit-sharing payment arrangement.

68. Karjo did or should have reasonably expected that these representations would induce Plaintiff to sell the business and deliver the merchandise prior to the execution of the written contract.

69. Defendant's true intentions to defraud Plaintiff were revealed *after* Plaintiff purchased the merchandise on credit and delivered the same to Defendants.

70. As a direct and proximate result of Karjo's fraudulent misrepresentations inducing Plaintiff to deliver the unpaid merchandise, as further detailed herein, Plaintiff has suffered actual damages exceeding $253,261.88, plus interest, penalties, and costs incurred from the present action.

WHEREFORE, Plaintiff requests that this Court enter a judgment in Plaintiff's favor and against Defendants HOUSE OF HITS SPORTS CARDS, LLC (d/b/a HOUSE OF HITS DETROIT) and MIKE KARJO (a/k/a MIKE CARJO), jointly and severally, for monetary damages exceeding $25,000.00, including but not limited to actual damages, interest, costs, and any other damages recoverable under Michigan law. Plaintiff further requests that this Court grant any other relief that it deems just and appropriate.

### COUNT VI
### CLAIM AND DELIVERY
### AGAINST DEFENDANTS JOINTLY AND SEVERALLY

71. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully restated.

72.     Karjo contracted with Plaintiff to buy Plaintiff's business, name, and merchandise through a profit-sharing payment arrangement, as detailed above.

73.     In total, Karjo agreed to purchase Plaintiff's business for $375,000.00, plus reimbursement for the costs of the merchandise, shipping, handling, and re-shipping.

74.     Plaintiff delivered merchandise to Defendants and otherwise performed all its contractual duties under the agreement with Karjo.

75.     Despite receipt of the merchandise, Defendants failed to fully pay all the outstanding costs of the merchandise, costs of shipping the merchandise, or Plaintiff's share of the profits for merchandise resold.

76.     Defendants have unlawfully retained the merchandise and Plaintiff's share of the profits for their own benefit.

77.     Pursuant to MCR 3.105 and MCL 600.6001, Plaintiff has a right to repossess the merchandise wrongfully retained by Defendants.

78.     That in violation of MCL 600.2920, Defendants are deliberately concealing or aiding in the concealment of Plaintiff's merchandise.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendants HOUSE OF HITS SPORTS CARDS, LLC (d/b/a HOUSE OF HITS DETROIT) and MIKE KARJO (a/k/a MIKE CARJO), for the possession of and return of the merchandise referenced herein or, in the alternative, an award of monetary damages. Plaintiff further requests that this Court grant any other relief that it deems just and appropriate.

Respectfully submitted,

ALOIA LAW

By:/s/ Nina M. Lotarski
Nina M. Paolini-Lotarski (P81060)
Attorney for Plaintiff
48 South Main Street, Suite 3
Mount Clemens, Michigan 48043
586-783-3300
lotarski@aloia.law

Dated: September 5, 2025

# EXHIBIT B

Summons (3/23)

Case No. 2025-217388-CB

| PROOF OF SERVICE |
| --- |

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

| CERTIFICATE OF SERVICE / NONSERVICE |
| --- |

[X] I served [X] personally [ ] by registered or certified mail, return receipt requested, and delivery restricted to the defendant or the addressee (copy of return receipt attached)  a copy of the summons and complaint, together with the attachments listed below, on:

[ ] I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name<br>Mike Karjo a/k/a Mike Carjo | Date and time of service<br>Thu, Sep 18 2025 09:55 am |
| --- | --- |
| Place or address of service<br>15423 21 Mile Road Macomb Township, Macomb, MI 48044 | |
| Attachments (if any) | |

[ ] I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

[X] I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Fee<br>$ | |
| --- | --- | --- | --- |
| Incorrect address fee<br>$ | Miles traveled | Fee<br>$ | TOTAL FEE<br>$ |

Signature

**Mason Jenkins, Metro Process Service LLC, 586-842-8181**

Name (type or print)

| ACKNOWLEDGMENT OF SERVICE |
| --- |

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ On _____
Attachments (if any)                        date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

*Left margin (vertical):* FILED   Received for Filing   Oakland County Clerk   9/23/2025 11:30 AM

Summons (3/23)

Case No. 2025-217388-CB

**PROOF OF SERVICE**

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

**CERTIFICATE OF SERVICE / NONSERVICE**

[X] I served [X] personally [ ] by registered or certified mail, return receipt requested, and delivery restricted to the defendant or the addressee (copy of return receipt attached)   a copy of the summons and complaint, together with the attachments listed below, on:

[ ] I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name<br>House of hits sports cards,llc d/b/a house of hits detroit c/o: Mike Karjo a/k/a Mike Carjo | Date and time of service<br>Thu, Sep 18 2025 09:55 am |
|---|---|
| Place or address of service<br>15423 21 Mile Road Macomb Township, Macomb, MI 48044 | |
| Attachments (if any) | |

[ ] I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

[X] I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee<br>$ | |
|---|---|---|---|
| Incorrect address fee<br>$ | Miles traveled | Fee<br>$ | TOTAL FEE<br>$ |

Signature

**Mason Jenkins, Metro Process Service LLC, 586-842-8181**
Name (type or print)

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____   On _____
Attachments (if any)                           date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

*(left margin)* FILED   Received for Filing   Oakland County Clerk   9/23/2025 11:30 AM

# EXHIBIT C

FILED   Received for Filing   Oakland County Clerk   10/9/2025 1:17 PM

**STATE OF MICHIGAN**
**IN THE OAKLAND COUNTY CIRCUIT COURT**
**BUSINESS DIVISION**

SORDS CARD EMPORIUM LLC,

        Plaintiff,

v.                                                                    Case No. 2025-217388-CB
                                                                    Honorable Victoria Valentine

HOUSE OF HITS SPORTS CARDS LLC
(d/b/a House of Hits Detroit), a Michigan limited
liability company, and MIKE KARJO, also known
as Mike Carjo, an individual, jointly and severally,

        Defendants.

---

ALOIA LAW
Nina M. Paolini-Lotarski (P81060)
48 South Main Street, Suite 3
Mount Clemens, Michigan 48043
Phone:   586-783-3300
lotarski@aloia.law
*Attorneys for Plaintiff*

WADE FINK LAW, PC
Wade G. Fink (P78751)
550 West Merrill Street, Suite 100
Birmingham, MI 48009-1443
Phone:  248-712-1054
wade@wadefinklaw.com
*Attorneys for Both Defendants*

---

## **ATTORNEY APPEARANCE**

       Please enter the appearance of Attorney Wade G. Fink of WADE FINK LAW PC on behalf of Defendant House of Hits Sports Cards LLC and Defendant Mike Karjo. This appearance is being filed for the purpose of filing a stipulated order to extend time to file a responsive pleading or take other lawful action. This appearance or the stipulation should not be viewed as a substantial defensive action manifesting an intent to litigate the merits in state court or otherwise waive or forfeit any other rights to challenge jurisdiction, venue, or other matters.

Date: October 9, 2025

Respectfully submitted:

WADE FINK LAW, PC

/s/ Wade G. Fink (P78751)
550 West Merrill Street, Suite 100
Birmingham, MI 48009-1443
Phone:  248-712-1054
wade@wadefinklaw.com
*Attorneys for Both Defendants*

## PROOF OF SERVICE

The foregoing is being filed using the Oakland County Circuit Court electronic filing system, which will send notice and a copy of same to all counsel of record on October 9, 2025.

/s/ Wade G. Fink

**STATE OF MICHIGAN**
**IN THE OAKLAND COUNTY CIRCUIT COURT**
**BUSINESS DIVISION**

SORDS CARD EMPORIUM LLC,

        Plaintiff,

v.                                               Case No. 2025-217388-CB
                                               Honorable Victoria Valentine

HOUSE OF HITS SPORTS CARDS LLC
(d/b/a House of Hits Detroit), a Michigan limited
Liability company, and MIKE KARJO, also known
as Mike Carjo, an individual, jointly and severally,

        Defendants.

---

ALOIA LAW
Nina M. Paolini-Lotarski (P81060)
48 South Main Street, Suite 3
Mount Clemens, Michigan 48043
Phone:  586-783-3300
lotarski@aloia.law
*Attorneys for Plaintiff*

WADE FINK LAW, PC
Wade G. Fink (P78751)
550 West Merrill Street, Suite 100
Birmingham, MI 48009-1443
Phone: 248-712-1054
wade@wadefinklaw.com
*Attorneys for Both Defendants*

---

## STIPULATION TO EXTEND TIME TO FILE RESPONSIVE PLEADING

    This Court, upon stipulation of the parties, as indicated by the respective signatures of their

counsel below, and this Court otherwise being fully advised in the premises:

    **IT IS ORDERED** that Defendants House of Hits Sports Cards LLC and Mike Karjo shall

file an answer, responsive pleading, or take other lawful action in this matter on or before October

23, 2025.

    This is not a final order and does not close the case.

    **IT IS SO ORDERED**.

Date:    10/10/2025

                      /s/ Victoria A. Valentine
                      October 10, 2025
                      Honorable Victoria Valentine

                                              lm

Stipulated as to form and content:

| | |
|---|---|
| /s/ Nina M Paolini-Lotarski (w/ consent) | /s/ Wade G. Fink |
| 48 South Main Street, Suite 3 | 550 West Merrill Street, Suite 100 |
| Mount Clemens, Michigan 48043 | Birmingham, MI 48009-1443 |
| Phone:   586-783-3300 | Phone:  248-712-1054 |
| lotarski@aloia.law | wade@wadefinklaw.com |
| *Attorneys for Plaintiff* | *Attorneys for All Defendants* |

## **PROOF OF SERVICE**

The foregoing stipulated order is being filed using the Oakland County Circuit Court electronic filing system, which will send notice and a copy of same to all counsel of record on October 9, 2025.

/s/ Wade G. Fink